UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CLARENCE R. COOLEY

Plaintiff,

v.

STANDARD INSURANCE COMPANY

Defendant.

_________________________________________)

**COMPLAINT**

The Plaintiff, CLARENCE R. COOLEY ("COOLEY"), by and through his undersigned counsel, hereby sues STANDARD INSURANCE COMPANY ("STANDARD"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. COOLEY brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. COOLEY was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. STANDARD is a corporation with its principal place of business in the State of Oregon,

authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, STANDARD, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to COOLEY.

6. COOLEY at all times material was an employee of PENTAIR INC ("PENTAIR").

7. COOLEY was at all times material a plan participant under the PENTAIR Group Disability Plan, Group Policy No. 648986 (the "LTD Plan") which is established by PENTAIR and pursuant to which COOLEY is entitled to benefits.

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. STANDARD is the insurer of benefits under the LTD Plan and was appointed by PENTAIR, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, STANDARD administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, STANDARD is not entitled to a deferential standard of review.

11. STANDARD is the fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on COOLEY's claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, COOLEY is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required

under the terms of the LTD Plan.

13. According to the LTD Plan:

**DEFINITION OF DISABILITY**

You are disabled if you meet the following definitions during the periods they apply:

A. Own Occupation Definition of Disability
B. Any Occupation Definition of Disability

A. Own Occupation Definition of Disability
During the benefit waiting period and the Own Occupation period, you are required to be disabled only from your Own Occupation.

You are disabled from your Own Occupation if, as a result of physical disease, injury, pregnancy, or mental disorder:

1. You are unable to perform with reasonable continuity the material duties of your own occupation; and
2. You suffer a loss of at least 20% in your indexed predisability earnings when working in your own occupation.

Note: you are not disabled merely because your right to perform your own occupation is restricted, including a restriction or loss of license.

During the own occupation period you may work in another occupation while you meet the own occupation definition of disability. However, you will no longer be disabled when your work earnings from another occupation meet or exceed 80% of your indexed predisability earnings. Your work earnings may be deductible income.

Own occupation means any employment, business, trade, profession, calling or vocation that involves material duties of the same general character as the occupation you are regularly performing for your employer when disability begins. In determining your own occupation, we are not limited to looking at the way you perform your job for your employer, but we may also look at the way the occupation is generally performed in the national economy. If your own occupation involves the rendering of professional services and you are required to have a professional or occupational license in order to work, your own occupation is as broad as the scope of your license.

Material duties means the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in an particular occupation that cannot be reasonably modified or omitted. In no event will we consider working an average of more than 40 hours per week to be a material duty.

B. Any Occupation Definition of Disability

During the Any Occupation period you are required to be Disabled from all occupations.

You are disabled from all occupations if, as a result of physical disease, injury, pregnancy, or mental disorder, you are unable to perform with reasonable continuity the material duties of any occupation.

Any occupation means any occupation or employment which you are able to perform, whether due to education, training, or experience, which is available at one or more locations in the national economy and in which you can be expected to earn at least 60% of your indexed predisability earnings within 12 months following your return to work, regardless of whether you are working in that or any other occupation.

Material duties means the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation that cannot be reasonably modified or omitted. In no event will we consider working an average of more than 40 hours per week to be a material duty.

14. At all relevant times, COOLEY complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since approximately November 3, 2012 COOLEY has been disabled under the terms of the LTD Plan.

16. At all relevant times, due to physical disease or injury, COOLEY has been unable to perform with reasonable continuity the material duties of his own occupation.

17. At all relevant times, due to physical disease or injury, COOLEY has been unable to perform with reasonable continuity the material duties of any occupation as defined in the LTD Plan.

18. Shortly after becoming disabled, COOLEY made a claim to STANDARD under the LTD Plan for disability benefits which STANDARD initially approved and paid through August 11, 2015.

19. By letter dated August 11, 2015, STANDARD denied COOLEY'S claim for LTD benefits

claiming COOLEY was no longer disabled and therefore ineligible for benefits after May 1, 2015 although benefits were paid as a courtesy through the date of the letter.

20. COOLEY properly appealed STANDARD'S adverse determination.

21. By letter dated June 30, 2016, STANDARD upheld its adverse determination and informed COOLEY that the administrative review process was complete.

22. At all relevant times, COOLEY has been under the ongoing care of a physician.

23. At all relevant times, COOLEY was a Covered Person under the LTD Plan.

24. From August 12, 2015 to the present date, COOLEY has not received benefits owed to him under the LTD Plan, despite COOLEY's right to these benefits.

25. From August 12, 2015 to the present date, STANDARD has refused to pay COOLEY's LTD benefits.

26. At all relevant times, STANDARD was the payor of benefits.

27. At all relevant times, STANDARD was the "Insurance Company" identified throughout the LTD Plan.

28. At all relevant times, STANDARD was appointed by PENTAIR, INC, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

29. At all relevant times, COOLEY has been and remains Disabled and entitled to LTD benefits from STANDARD under the terms of the LTD Plan.

30. COOLEY has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

31. COOLEY incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), COOLEY, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

34. COOLEY has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of STANDARD's failure to pay his disability benefits.

35. COOLEY has exhausted all administrative remedies under the LTD Plan.

36. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to COOLEY at a time when STANDARD knew, or should have known, that COOLEY was entitled to those benefits under the terms of the LTD Plan, as COOLEY was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of COOLEY's claim for LTD benefits.

(c) After COOLEY's claim was terminated in whole or in part, STANDARD failed to adequately describe to COOLEY any additional material or information necessary for COOLEY to perfect his claim along with an explanation of why such material is or was necessary.

(d) STANDARD failed to properly and adequately investigate the merits of COOLEY's disability claim and failed to provide a full and fair review of COOLEY's claim.

37. COOLEY believes and thereon alleges that STANDARD wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which COOLEY is presently unaware, but which may be discovered in this future litigation and which COOLEY will immediately make STANDARD aware of once said acts or omissions are discovered by COOLEY.

38. Following the termination of benefits under the LTD Plan, COOLEY exhausted all administrative remedies required under ERISA, and COOLEY has performed all duties and obligations on his part to be performed under the LTD Plan.

39. As a proximate result of the aforementioned wrongful conduct of STANDARD, COOLEY has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a further direct and proximate result of this improper determination regarding COOLEY's claim for benefits, COOLEY, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), COOLEY is entitled to have such fees and costs paid by STANDARD.

41. The wrongful conduct of STANDARD has created uncertainty where none should exist; therefore, COOLEY is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, CLARENCE R. COOLEY prays for relief against STANDARD INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;
2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;
3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;
4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and
6. Such other and further relief as this Court deems just and proper.

DATED: December 5, 2016

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Victor Peña*
VICTOR PEÑA, ESQUIRE
Florida Bar No.: 0108094
Email: victor@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No.: 299560
Email: gdell@diattorney.com